UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-102-H

INTERNATIONAL ALLIANCE OF
THEATRICAL STAGE, et al.                                                    PLAINTIFFS


V.


GEORGE E. FERN CO.                                                           DEFENDANT


**MEMORANDUM OPINION AND ORDER**

One of the Union signatories to a collective bargaining agreement has demanded arbitration of a grievance filed pursuant to that agreement.  When the Company signatory declined to arbitrate, the Union filed this lawsuit to require it.  Now the Company signatory has moved for summary judgment on the grounds that the grievance is outside the scope of the collective bargaining agreement and that, therefore, it is not arbitrable.  The Union signatory has also moved for summary judgment.

I.

The relevant facts are these.  Plaintiff, International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, its territories and Canada, AFL-CIO, CLC and International Alliance of Theatrical Stage Employees, Local No. 17 (hereinafter referred to as the "Union"), alleges that the Defendant, George E. Fern Co. (the "Company") violated the parties' collective bargaining agreement by using non-union labor for a job in Atlanta, Georgia.

The Company is a service contractor for trade shows, conventions, expositions and other similar events throughout the country. It contracts with the event organizers and the participants to provide trade show services such as furnishings and displays. To perform these services, the Company uses its own employees, referrals from the Union called "referents" and other company subcontractors.

The parties entered into a collective bargaining agreement on January 30, 2004 (hereinafter the "CBA"). The CBA makes the Unions the exclusive agent for all those employed at the Company's Louisville offices. The CBA provides in part therefore:

> This Agreement is made and entered into as of the 30th day of January, 2004, by and between the GEO. E. FERN CO., Louisville Office Operation in Louisville, Kentucky, hereinafter referred to as the "Company", and the INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES & MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC, and its STAGE EMPLOYEES LOCAL NO. 17, hereinafter referred to as the "Union."
>
> The company recognizes the Union as the exclusive bargaining representative for all decorators employed by the company at its Louisville, Kentucky facility at 3752 Crittenden Drive, but excluding all office clerical employees and all professional employees, guards and supervisors as defined in the National Labor Relations Act, as amended.

The CBA describes an extensive grievance and arbitration procedure and defines the type of disputes that so qualify:

> For purposes of this Agreement, a grievance means a dispute between a senior full-time employee or Union referent and the Company, about the meaning, interpretation, violations or application of this Agreement. Reasonable and diligent effort shall be exerted at the earliest possible time by the employee or referent and the Company to settle the dispute.

Article XV of the CBA discusses "Out-of-Town Work." The first two sections of that article specifically address situations where members of Local 17 are required to work out-of-town for the Company. The third section, which is the subject of the current dispute, addresses the Atlanta factual scenario. It states:

> Section 3 - When working on an out-of-town show, the Company shall hire IATSE personnel for its casual labor if such personnel are available and if no building contract exists which requires the hiring of personnel of other Unions.

The current dispute arose in January, 2006, when the Company began preparations for an archery trade show in Atlanta which would typically be assembled and broken down by Union members in Louisville. Initially, Union members thought that they would be traveling to Atlanta to complete the work for the show. However, at some point the Company decided that due to manpower considerations, the work could be performed in Atlanta by a subcontractor. The Company's Atlanta subcontractor hired non-union labor to perform the work.

Consequently, on January 5, 2006, the Union's business representative, Rick Madison, filed a grievance arguing that this action violated the CBA. Thus, the dispute between the Company and the Union is whether the CBA required the Company to hire union personnel when the Company managed a show in Atlanta, Georgia. The Union claims that Article XV of the CBA covers these circumstances. The Company believes that it does not.

II.

The current dispute does not concern whether the Company has violated the CBA, but rather whether the Union has stated a grievance which is arbitrable under the CBA. The duty to arbitrate is created by contract. *AT & T Tech., Inc. v. Commc'ns Workers of America*, 475 U.S. 643, 648 (1986). No one disputes that the parties have expressed a clear intention to arbitrate

3

disputes concerning the "manner, interpretation, violations or application" of the CBA. Whether the CBA required the Company in these circumstances to hire Union personnel for "out-of-town" trade shows is a question which appears to directly concern the CBA. In fact, such an issue goes to the very heart of the Company's obligations under the CBA. Moreover, the Company's defense that it hired a subcontractor rather than non-union personnel also directly concerns an interpretation of the CBA. The proper resolution of the dispute is not readily apparent from a reading of the CBA's plain language. Consequently, this is the type of dispute expressly suitable for arbitration under the CBA.

The Company raises two primary objections. First, it says that the grievance presented is outside the scope of the arbitration clause because it is not made on behalf of a full-time employee or Union referent. The grievance itself is brought by the Union's business representative on behalf of several Louisville union members and various unnamed referents. However, the grievance states rather broadly its scope and the remedies it seeks. It seeks remedies which could benefit non-Union members. Consequently, the arbitrator may be unable to provide remedies to certain of the persons mentioned. Indeed, the arbitrator's potential remedies may be limited. That the grievance is stated in an overly broad manner should not disqualify it from the CBA's arbitration provisions. *See United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960) (holding that the arbitrator is not confined to the remedies of the draftsman of the grievance). The Court can envision a range of appropriate remedies available if the arbitrator finds a CBA violation. The Court concludes that the grievance is sufficiently within the scope of the CBA to be arbitrable.

Second, the Company says that the proposed remedy violates the National Labor

Relations Act, 29 U.S.C. §§ 141-197 (2007), because it would require the company to recognize and bargain with a non-certified union.  The Court does not agree that the Union's grievance would require the Company to do either of these.  Moreover, the Court will not bar an otherwise valid arbitration based on the assumption that the arbitrator will issue a decision contrary to existing law.  The Court may not inquire into the merits of a controversy when determining arbitrability under a bargaining agreement.  *United Steelworkers of America*, 363 U.S. at 598-99.

The Court concludes, therefore, that the Union's grievance falls within the scope of the CBA arbitration provision.  Simply because one may envision remedies outside the arbitrator's authority or even outside that permissible under current law, is not a reason to foreclose arbitration altogether.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Company's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that the Union's motion for summary judgment is SUSTAINED and the parties are compelled to arbitrate the grievance which the Union has submitted.

This is a final order.

cc:     Counsel of Record